IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| PETER T., MAURA K., and M.T.,<br><br>Plaintiffs,<br><br>v.<br><br>OXFORD HEALTH INSURANCE, INC.,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO TRANSFER**<br><br><br>Case No. 2:24-cv-00189-TC-DAO<br><br><br>Judge Tena Campbell<br>Magistrate Judge Daphne A. Oberg |

Before the court is a motion to transfer venue filed by Defendant Oxford Health Insurance, Inc. (Oxford).  (ECF No. 81.)  Oxford argues that the action should be transferred to the United States District Court for the District of Connecticut.  (Id. at 2.[1])  The Plaintiffs have not opposed the motion and the time to file an opposition has passed.  See DUCivR 7-1(a)(4)(D)(ii).

Under 28 U.S.C. § 1404(a), "a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  The court examines whether "the transfer will enhance the convenience of the parties and witnesses, and is in the interest of justice."  Mandel v. Hafermann, No. 2:19-cv-563, 2020 WL 2849928, at *2 (D. Utah June 2, 2020) (citations omitted).  The Plaintiffs bring this action under the Employee Retirement Income Security Act of 1974, as

---

[1] Citations refer to PDF pages rather than internal document pages.

1

amended (ERISA), 29 U.S.C. § 1001, et seq.  And under 29 U.S.C. § 1132(e)(2), an ERISA claim may be brought "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found…."

Here, the Plaintiffs reside in Fairfield County, Connecticut.  (Am. Compl., ECF No. 37 at ¶ 1.)  The relevant insurance plan at issue is provided through an employer located in Fairfield County, Connecticut.  (Id.; ECF No. 81 at 2–3.)  The Defendant is a New York corporation with its principal place of business in Fairfield County, Connecticut.  (Decl. Julie Bullock, ECF No. 81-1 at ¶ 4.)  Finally, the treatment for which the Plaintiffs seek coverage occurred at BlueFire Wilderness Therapy (BlueFire), which is located in Boise, Idaho.  (Am. Compl. ¶ 2.) Although the Plaintiffs assert that certain appeals related to coverage for that treatment "were written by a company located in Salt Lake City, Utah," (id. ¶ 4), the Amended Complaint contains no further details about this allegation and Oxford counters that "none of the decisions at issue in this case were issued in Utah."  (Bullock Decl. ¶ 5.)

Based on these facts, the court finds that it is uncertain whether venue is appropriate in the District of Utah: no parties reside in or may be found in Utah, and it does not appear that the plan was administered (or potentially breached) in Utah.  In contrast, the Defendant has its principal place of business in Connecticut, where the Plaintiffs also reside, and it appears that the plan was administered in Connecticut.  The court therefore finds that the District of Connecticut is an appropriate venue for this action.

When considering whether transfer is appropriate, the court also weighs the following factors: 1) a plaintiff's choice of forum; 2) the accessibility of witnesses and other sources of proof; 3) the cost of making the necessary proof; 4) the enforceability of potential judgments; 5) the ability to access a fair trial; 6) the congestion of the relevant courts' dockets; 7) any

conflict of laws; 8) the advantage of having a local court determine questions of local law; and 9) other considerations of a practical nature that make a trial easy, expeditious, and economical. See Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir. 1991) (citation omitted).  Because the Plaintiffs did not file an opposition, the court does not address each of these factors in depth.  But the court has carefully considered the reasons stated in Oxford's motion and agrees that these factors taken as whole—and especially the location of potential witnesses—weigh in favor of transfer.  (See ECF No. 81 at 5–11.)

## ORDER

For the foregoing reasons, the court ORDERS as follows:

1.      The court GRANTS the Defendant's Motion to Transfer Venue.  (ECF No. 81.)

2.      The court ORDERS that this case be transferred to the United States District Court for the District of Connecticut.

3.      Absent any contrary order from the transferee court, the Defendants shall have 30 days after transfer to file their response to the Plaintiffs' Amended Complaint.

DATED this 4th day of May, 2026.

BY THE COURT:

_____
Tena Campbell
United States District Judge

3